Filed 3/20/25  P. v. Salcida CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOHN ANGEL SALCIDA,<br><br>    Defendant and Appellant. | G063159<br><br>(Super. Ct. No. 03WF2846)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Gary S. Paer, Judge. Affirmed.

Thomas Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

We appointed counsel to represent John Angel Salcida on appeal from the denial of his petition for relief under Penal Code section 1172.6.[1] Counsel filed a brief that set forth the facts of the case and advised the court that he found no issues to argue on Salcida's behalf.

The procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436, and *Anders v. California* (1967) 386 U.S. 738, do not apply to appeals from the denial of section 1172.6 petitions. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 226, 227, 231.) Therefore, when appointed appellate counsel finds no viable issues, counsel must file a brief informing the court that counsel found no arguable issues and include a concise narration of facts. (*Id.* at p. 231.) The reviewing court must send the brief to the defendant with notice that the defendant may file a supplemental brief or letter within 30 days. (*Id.* at pp. 231–232.) If the defendant raises issues in a supplemental brief or letter, the court must evaluate the arguments raised and issue a written opinion. (*Id.* at p. 232.)

We have followed this procedure, and Salcida has not filed a supplemental brief. After exercising our discretion to independently review the record (*People v. Delgadillo, supra*, 14 Cal.5th at p. 232), we found no arguable issues on appeal. We therefore affirm.

FACTS

A complete recitation of the facts can be found in our prior nonpublished opinion *People v. Salcida* (May 25, 2007, G036241). As relevant

---

[1] Effective June 30, 2022, the Legislature renumbered former Penal Code section 1170.95 to section 1172.6 without substantive change. (Stats 2022, ch. 58, §10.) For clarity, we refer to the statute as section 1172.6 throughout the opinion. All further statutory references are to the Penal Code.

here, a jury convicted Salcida of first degree murder and other offenses. The jury had not been instructed on any theory of accomplice liability or any other theory of imputed malice. The trial court sentenced Salcida to life in prison without the possibility of parole.

In 2022, Salcida filed a petition for relief under section 1172.6. After appointing counsel, receiving briefing, and holding a prima facie hearing, the trial court denied the petition. The court concluded that Salcida was ineligible for relief as a matter of law because "[t]he jury was instructed on one theory of guilt—that of an actual perpetrator/killer." Salcida appealed.

DISCUSSION

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1015) amended sections 188 and 189 to eliminate natural and probable consequences liability for murder and to limit the scope of the felony-murder rule. (*People v. Lewis* (2021) 11 Cal.5th 952, 957, 959.) This legislation also added section 1172.6, which provided a procedure under which a "person convicted of felony murder or murder under a natural and probable consequences theory" could petition for resentencing relief. (Stats. 2018, ch. 1015, § 4; former § 1172.6, subd. (a).)

Senate Bill No. 775 (2021–2022 Reg. Sess.) later amended section 1172.6, subdivision (a), to expand the category of individuals entitled to petition for resentencing. (Stats. 2021, ch. 551, § 1, subd. (a).) A person may now petition for relief if he or she was convicted of murder under any theory "under which malice is imputed to a person based solely on that person's participation in a crime." (§ 1172.6, subd. (a).)

To be eligible for relief under section 1172.6, the petitioner must make a prima facie showing that he or she "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189

made effective January 1, 2019." (§ 1172.6, subd. (a)(3).) Our Supreme Court has explained that "[t]he record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*People v. Lewis, supra*, 11 Cal.5th at p. 971.)

Here, the trial court correctly denied Salcida's petition because the record revealed he was convicted under a theory of murder that remained valid notwithstanding the amendments to sections 188 and 189. Specifically, the jury instructions given at trial established that the jury found Salcida guilty of first degree murder as the actual killer. He could not have been convicted under any theory of imputed malice because the jury was not instructed on any such theory. Accordingly, Salcida was ineligible for relief as a matter of law.

## DISPOSITION

The postjudgment order is affirmed.


O'LEARY, P. J.

WE CONCUR:


SANCHEZ, J.


GOODING, J.

4